UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S.C., a Protected Individual,

        Plaintiff,

v.

HARPER-HUTZEL HOSPITAL,
et al.,

        Defendants.
_____/

CIVIL ACTION NO. 06-15222

DISTRICT JUDGE MARIANNE O. BATTANI

MAGISTRATE JUDGE DONALD A. SCHEER

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION**:

I recommend that Plaintiff's Motion to Remand be denied.

**II.**    **REPORT**:

    **A.**    **Procedural History**

Plaintiff commenced this litigation by filing a Complaint against Harper-Hutzel Hospital ("Harper-Hutzel") and Muriel Jeanette Espy, M.D. ("Espy") in the Circuit Court for the County of Wayne, State of Michigan, on July 3, 2006. On November 22, 2006, the United States Attorney for the Eastern District of Michigan caused to be filed a Certification, pursuant to 28 U.S.C. §2679(d), that Espy was an employee of the Detroit Community Health Connection, Inc., a/k/a Bruce Douglas Health Center, an entity deemed to be an employee of the U.S. Public Health Service within the meaning of 42 U.S.C. §233(c) and (g), and that she was acting within the scope of such employment at the time of the incidents upon which the Complaint is based. On the same date, Espy filed a Notice of Removal to this Court, pursuant to 42 U.S.C. §233 and 28 U.S.C. §2679(d).

Plaintiff's Objection to Notice of Removal was filed on December 7, 2006. Thereafter, on December 13, 2006, Plaintiff filed the instant Motion to Remand. On December 20, 2006, the district judge referred the motion to the magistrate judge for Report and Recommendation. On January 8, 2007, the United States filed a brief in response to the Plaintiff's Motion for Remand. Harper-Hutzel filed a response to the motion on January 12, 2007. On January 24, 2007, the United States filed a Notice of Supplemental Authority in support of its response to the motion. All parties appeared, by counsel, for hearing on February 1, 2007.

### B. Applicable Law and Standard of Review

28 U.S.C. §1346(b) confers upon the district courts of the United States "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. §1367(a) provides that, in any action of which the district courts have original jurisdiction, they have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(c) provides that district courts "may" decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c)(1) through (4).  Judicial interpretation of Section 1367(a) establishes, without question, that the courts enjoy broad discretion in the exercise of their supplemental jurisdiction.  United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

> [T]o say that the terms of Section 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims . . . does not mean that the jurisdiction must be exercised in all cases.  Our decisions have established that pendent jurisdiction 'is a doctrine of discretion, not of plaintiff's right,' [Gibbs, 383 U.S. at 726], and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons, [Id. at 726-27].  See also [Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ('as articulated by Gibbs, the doctrine of pendent jurisdiction is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values')].  Accordingly, we have indicated that 'district courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.' Id. at 357.
>
> The supplemental jurisdiction statute codifies these principles.  After establishing that supplemental jurisdiction encompasses 'other claims' in the same case or controversy as a claim within the district court's original jurisdiction, Section 1367(a), the statute confirms the discretionary nature of supplemental jurisdiction . . .
>
> The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at

3

> every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.' Cohill, [484 U.S. at 350].

City of Chicago v. International College of Surgeons, 522 U.S. 156, 172-73 (1997).

### C. Analysis

#### 1. Plaintiff's Objection to Removal

Plaintiff's written Objection to Notice of Removal, filed December 7, 2006, requests, alternatively, that the court (a) refuse to accept removal of the entire case, or (b) "only accept that case against Dr. Espy pending upon this honorable court's interpretation of federal law." Plaintiff's Brief in Support of his Motion to Remand appears to concede the propriety of removal as to the claims against Espy. There is more than ample reason to do so.

The Federal Tort Claims Act ("FTCA") waives the United State's Sovereign Immunity Defense and imposes liability for negligent conduct of federal employees who are acting within the scope of their official duties. 28 U.S.C. §1346(b) provides, in pertinent part, that:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b). The Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Westfall Act), 28 U.S.C. §2679, provides for the removal to federal court of actions for monetary damages against federal employees, upon certification by the Attorney General that the individual employee was acting within the scope of his

employment when the cause of action arose. The core purpose of the Westfall Act is to relieve covered federal employees from the cost and burden of defendant lawsuits, and to place those burdens on the government. Osborn v. Haley, ___ S.Ct. ___ (2007), 2007 WL 135830 U.S. The statute provides, in relevant part, as follows:

> (b)(1) The remedy against the United States provided by [the FTCA] for . . . personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . .. Any other civil action or proceeding for damages arising out of or relating to the same subject matter . . . is precluded without regard to when the act or omission occurred.
>
> \*           \*           \*
>
> (d)(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a state court shall be removed without bond at any time before trial to the [appropriate federal district court]. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant. This certification of the attorney general shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. §2679(b)(1) and (d)(2). Once the Attorney General certifies that a federal employee named as defendant in a state court tort case was acting within the scope of employment, and once the action is removed to federal court based on that certification, the district court has no authority to return the case to state court on the ground that the Attorney General's certification was incorrect or unwarranted. The district court may, however, re-substitute the individual employee for the United States as party defendant for

purposes of trial, if it determines post-removal that the Attorney General's certification was incorrect.  Osborn v. Haley, 422 F.3d 359, 364-65 (6th Cir. 2005), affirmed, ___ S.Ct. ___, (2007), 2007 WL 135830 (January 22, 2007); Singleton v. United States, 422 F.3d 359, 365 (6th Cir. 2005).

Appended to the Notice of Removal filed in this case by the United States Attorney for the Eastern District of Michigan was a Certificate of Scope of Employment, wherein the United States Attorney, on behalf of and pursuant to authority vested in him by the Attorney General under 28 C.F.R. §15.3, certified that Espy was an employee of the Detroit Community Health Connection, Inc., aka Bruce Douglas Health Center, an entity deemed to be an employee of the U.S. Public Health Service within the meaning of 42 U.S.C. §233(c) and (g), and was acting within the scope of such employment at the time of the incidents upon which Plaintiff's Complaint is based.

Based upon the foregoing, I conclude that removal of Plaintiff's claims against Espy was fully appropriate, and that this court has exclusive jurisdiction over them.  Accordingly, remand of those claims to the state court is unavailable, as it has no jurisdiction over them.

### 2. Plaintiff's Pendent Claims

Defendant United States of America raised no objection to Plaintiff's Motion to Remand as it relates to the claims against Harper-Hutzel.  The hospital, however, does object to the remand of the state law claims against it.  Harper-Hutzel concurs fully with Espy's argument that the Department of Justice Certification rendered removal of the claims against her appropriate under 28 U.S.C. §2679(d).  From that premise, the hospital argues that the plain language of §2679 providing that any "civil action or proceeding commenced upon such claim in a state court shall be removed" calls for the transfer to

federal court of the entire case, including state law claims against Defendants who are not government employees. The hospital cites Dillon v. Mississippi Military Department, 23 F.3d 915, 918 (5th Cir. 1994), wherein the Court of Appeals for the Fifth Circuit held that, when putative employees of the United States are not the only defendants in an action, the entire case, and not simply the claims against the United States, is removed to federal court pursuant to §2679(d). That court relied upon the plain language of the statute, together with similar results reached by the court in removal cases under 28 U.S.C. §1441 and other similar statutes. E.g., Arango v. Guzman Travel Advisors Corp., 621 F.2d 1371, 1376 (5th Cir. 1980) (§1441(d) removal is for entire action, "not merely those aspects involving discrete federal claims or parties"); Nolan v. Bowing Co., 919 F.2d 1058, 1065, n.9 (5th Cir. 1990) cert. denied, 499 U.S. 962 (1991). (Term "action" rather than "claims" used in removal statutes indicates intent to exercise federal jurisdiction over "entire case"). Plaintiff has cited no contrary authority, and I find Harper-Hutzel's argument persuasive.

Harper-Hutzel employs a similar argument for the proposition that, once a case has been removed pursuant to §2679(d), remand of state law claims against non-federal employee defendants is foreclosed by 28 U.S.C. §2679(d)(2). Certification by the Attorney General that a defendant employee was acting within the scope of his/her government employment at the time of the events giving rise to the claim "conclusively" establishes the scope of office or employment for purposes of removal. 28 U.S.C. §2679(d)(2).

> [A] plaintiff suing a federal employee may not challenge the government's removal of the case to federal court, but, once in federal court, the plaintiff may challenge the government's substitution of itself as defendant . . . . If the district court finds that the federal employee was not acting in the scope of employment and therefore that substitution is inappropriate,

7

>    the district court retains jurisdiction over the case and assesses
>    the claims pursuant to state tort law.

Singleton v. United States, 277 F.3d 864, 870 n.5 (6th Cir. 2002). In Osborn v. Haley, 422 F.3d 359, 365 (6th Cir. 2005), our circuit held that the "conclusively" language of the statute forecloses remand of a claim against a putative federal employee, even if the district court ultimately determines that substitution of the United States as party defendant is not warranted. The court's determination that the district court has no authority to return the case to state court on the ground that the Attorney General's certification was unwarranted has been recently affirmed by the United States Supreme Court. Osborn v. Haley, ___ S.Ct. ___ (2007), 2007 WL 135830.

The Osborn case does not address the precise question of whether claims against non-federal employee defendants, once removed to federal court based upon a certification with regard to a federally employed co-defendant, can be remanded, whether or not the certification is ultimately upheld. Accordingly, I am not prepared to recommend denial of remand of the state claims as a matter of law. Assuming, for purposes of analysis, that the district court has the authority to remand such claims, I conclude that the propriety of removal must be determined in light of the considerations laid out by the Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), and by Congress in 28 U.S.C. §1367.

28 U.S.C. §1367(a) provides [with limited exceptions] that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of

the United States Constitution." As discussed at length, above, this court has original jurisdiction over Plaintiff's claims against Espy. Section 1356(a) was part of the Judicial Improvements Act of 1990, which codified in the term "supplemental jurisdiction" the common law doctrine of "pendent" jurisdiction. The commentary following 28 U.S.C.A. §1367 suggests that pendent jurisdiction "had perhaps its best known and most generous interpretation in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966) . . .." As Plaintiff has correctly observed, the Gibbs decision recognized a broad discretion in the district courts in deciding whether or not to exercise its pendent jurisdiction. The opinion begins with the observation that, under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." 383 U.S. at 724. The court declared that pendent jurisdiction exists whenever there is a substantial federal claim "and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" 383 U.S. at 725. The exercise of pendent jurisdiction, however, is not required in every case where it might be found to exist.

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over state law claims, even though bound to apply state law to them, Erie R.Co. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer footed reading of applicable law.
>
> \* \* \*

9

> Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedies sought, the state claims may be dismissed . . . and left for resolution to state tribunals. There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong.
>
> *          *          *
>
> Finally, there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial.

383 U.S. at 726-27.

In 28 U.S.C. §1367(c), Congress provided the courts with guidance as to those conditions under which the exercise of their supplemental jurisdiction may be declined.

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -
>
> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).

Several circuit courts of appeal have held that, once it is determined that a state law claim is related to a claim within the court's original jurisdiction (i.e., same case or controversy), the exercise of supplemental jurisdiction is mandatory, unless the court relies

on one of the statutory factual predicates triggering its discretion. Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442 (2nd Cir. 1998); McLaurin v. Prater, 30 F.3d 982, 984 (8th Cir. 1994); Allen v. City of Los Angeles, 92 F.3d 842, 846 (9th Cir. 1996). In the exercise of statutory discretion, the court should be guided by considerations of economy, convenience, fairness and comity. City of Chicago v. International College of Surgeons, 522 U.S. 156, 172-73 (1997); see also Williams v. Van Buren Twp., 925 F.Supp. 1231 (E.D. Mich. 1996).

Applying the statutory criteria in §1367(c) to the facts presented in the case at bar, I conclude that none applies. Medical malpractice actions are legion, and are governed by well established principles of negligence and agency law. While Plaintiff has argued that Michigan medical malpractice law is extremely complex, he has provided no evidence to support the conclusion that any aspect of this case presents an issue so novel or complex that it would best be left to a Michigan court. Nor is there any reason to believe that Plaintiff's state law claim substantially predominates over the claim of which this court has original jurisdiction. On the contrary, the FTCA claim against Espy must be adjudicated by the application of the same Michigan law which governs the state law count against Harper-Hutzel and its agents. This court has clearly not dismissed Plaintiff's claims against Espy, as would be required to support the declination of supplemental jurisdiction under §1367(c)(3). Finally, Plaintiff has demonstrated no "exceptional circumstances" or "other compelling reasons" for declining jurisdiction. In fact, after evaluating Plaintiff's arguments, I find that the opposite is true.

Contrary to Plaintiff's suggestion, there is little prospect of conflict or confusion between state and federal law principles. While it is true that removal was premised upon

a provision of federal law, the adjudication of Plaintiff's substantive claims against both Espy and Harper-Hutzel will be resolved in accordance with the same Michigan state law principles.  As stated above, I am satisfied that Michigan medical malpractice law adopts generally accepted concepts of negligence and agency which can be readily applied by this court.  Plaintiff has offered no evidence of an issue of fact or law so esoteric as to foreclose reasonable, accurate analysis by a federal court.  This is especially true in light of the long experience of the assigned district judge as a state court judge in Michigan.

The only significant argument offered by Plaintiff's counsel at the hearing is that the FTCA claims in this action will be tried to the court, while the state law claims will be determined by a jury.  Although this fact may serve to introduce some level of added complexity to the trial process, I am satisfied that any confusion could be forestalled or eliminated by appropriate jury instructions.

In summary, I conclude that Plaintiff's claims against both Espy and Harper-Hutzel comprise a single case or controversy.  The entirety of this action stems from the same body of essential facts.  The same evidence will be presented by Plaintiff against both Defendants.  It is reasonable to assume that the same expert witnesses will be employed, and it is clear that the same (Michigan) law will be applied. Considerations of efficiency, convenience and expense militate strongly in favor of the exercise of this court's supplemental jurisdiction.  A single consolidated trial is patently more efficient than two separate proceedings in which the identical evidence will be analyzed under the same legal theory.  A single trial will reduce the expenditure of judicial resources, and will reduce as well the imposition upon fact and expert witnesses alike.  Preparation by counsel for a single trial, as opposed to two presentations of the same evidence, will clearly be more

convenient to the lawyers, and less expensive for the parties. Finally, I am persuaded that a single trial will reduce the prospect for inconsistent judgments on essentially the same evidence. While the risk of such inconsistency cannot be eliminated in a proceeding in which different claims will be determined by different finders of fact, such risk is, in my view, reduced when both fact finders base their judgments upon a single presentation of evidence and the jury instructions are formulated by the judicial officer who presided over that single presentation.

Although our circuit has not held that the discretion to decline the exercise of supplemental jurisdiction is strictly limited to the circumstances described in §1367(c), I am satisfied that the considerations which have long been relied upon by courts in deciding whether to adjudicate state law claims strongly militate in favor of the exercise of supplemental jurisdiction in this case. There is no evidence that a single trial in federal court would be unfair to any party. For all of the above reasons, I recommend that Plaintiff's Motion to Remand be in all respects denied.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231,

829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                   s/Donald A. Scheer
                                   DONALD A. SCHEER
                                   UNITED STATES MAGISTRATE JUDGE
DATED: February 9, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 9, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 9, 2007.  **None.**

                                   s/Michael E. Lang
                                   Deputy Clerk to
                                   Magistrate Judge Donald A. Scheer
                                   (313) 234-5217