**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

S.C., a Protected Individual, by his Conservator,
THOMIKA WOODLAND,

            Plaintiff,

v.

HARPER-HUTZEL HOSPITAL, a domestic nonprofit corporation, and THE UNITED STATES OF AMERICA,

            Defendants.
                                                /

CASE NO. 06-15222

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING UNITED STATES OF AMERICA'S
MOTION AND BRIEF SEEKING RECONSIDERATION OF ORDER
DENYING UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendant United States of America's Motion and Brief Seeking Reconsideration of Order Denying United States' Motion for Summary Judgment (Doc. No. 57).  This is a medical malpractice case brought under the Federal Tort Claims Act, pursuant to which the United States shall be liable for personal injury caused by the negligent conduct of government employees "under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).

**I. BACKGROUND**

Plaintiff brings this action on behalf of her minor child, S.C., alleging that negligent use of a vacuum suction device during his delivery at Harper-Hutzel Hospital resulted in severe developmental problems.  To advance the claim, Plaintiff relies on the testimony of several experts.  The testimony of the expert obstetrician/gynecologists shows that the

doctors performing the delivery failed to recognize that S.C. was in a disadvantageous position for use of a vacuum extractor, and that the vacuum was positioned on an inappropriate place on the baby's head.  Specifically, the application of the vacuum "on the lateral side on the temporal lobe area [ ] is the absolute wrong place to put a vacuum." Def.'s Ex. H at 24-5, 28-30.  Plaintiff further relies on Dr. Ronald Gabriel, a pediatric neurologist, to testify as to causation.  He diagnosed post-traumatic head injury involving the central nervous system secondary to the mechanical forces of the vacuum extractor. See Gabriel dep. at 33-4, 36, 79, 96.

The United States moved for summary judgment on two grounds, arguing that Plaintiff failed to provide any evidence that the manner in which the vacuum was used was the proximate cause of the developmental disabilities, and that Dr. Gabriel's testimony was inadmissible.  The Court denied the motion from the bench at the April 2, 2009, hearing on the motion.

In its request for reconsideration, the United States notes that the Court only addressed one of its arguments in its ruling.  It contends that the Court's failure to rule on its proximate cause argument constitutes a palpable defect and that consideration of the argument will result in a different disposition of the case.  In addition, the United States argues that in light of the Court's acknowledgment that the admissibility of Dr. Gabriel's testimony is a close call, a hearing on the admissibility of the testimony is appropriate.

**II.  STANDARD OF REVIEW**

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion "for rehearing or reconsideration that merely presents the same issues ruled upon

by the court, either expressly or by reasonable implication," will not be granted. Czajkowski v. Tindall & Assoc., P.C., 967 F.Supp. 951, 952 (E.D. Mich. 1997). To that end, a party moving for reconsideration bears a heavy burden. Wrench LLC v. Taco Bell Corp., 36 F.Supp.2d 787, 789 (W.D. Mich.1998). In order to prevail, the movant must demonstrate: (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F.Supp.2d 605, 624 (E.D. Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

### III. ANALYSIS

The factual underpinning of the Government's motion is correct: it did advance two arguments in its summary judgment motion, and the Court only rejected one in its ruling denying the judgment. Nevertheless, the Court finds that the United States has failed to carry its burden of proving a palpable defect that warrants reconsideration.

The Court rejects the request to reconsider whether Dr. Gabriel's testimony satisfied the criteria articulated under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The assertion by the United States that the question is a close call does not establish a palpable defect by which the Court was misled.

The United States also argues that the testimony of Dr. Gabriel, even accepted at face value, failed to establish a genuine issue of material fact that the negligent delivery proximately caused S.C.'s developmental disabilities. It asserts that Plaintiff cannot show that the outcome in this case would have been different had the vacuum been placed in

a nonnegligent manner.

Here, two doctors testified that the vacuum used for extraction was improperly placed, and one acknowledged that traumatic deliveries using vacuum extractors can cause central nervous system damage. Dr. Gabriel diagnosed post-traumatic head injury involving the central nervous system secondary to the mechanical forces of the vacuum extractor. Gabriel dep. at 33-4, 36, 79, 96. According to Dr. Gabriel, given the nature of the cephalhemotoma, and the location and use of the vacuum, it was highly probable that there was an underlying hemorrhage within the brain itself. Id. at 40. He based his conclusion that the vacuum caused the permanent injury after reviewing the predelivery information about the child and the post delivery evidence. The Court finds this testimony is sufficient to create a genuine issue of material fact as to proximate cause.

## IV.  CONCLUSION

Accordingly, the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

                                                        s/Marianne O. Battani
                                                       MARIANNE O. BATTANI
                                                       UNITED STATES DISTRICT JUDGE

Date:  June 16, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

                                                       s/Bernadette M. Thebolt
                                                       Deputy Clerk